# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### HELENA DIVISION

| | |
|---|---|
| WILLIAM DIAZ-WASSMER, | Cause No. CV 10-00060-H-DWM-RKS |
| Plaintiff, | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND TO SERVE |
| vs. | COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND FINDINGS AND |
| MIKE FERRITER, MIKE MAHONEY, DENISE DEYOTT, | RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| Defendants. | (Defendants see D.Mont. L.R. 12.2) |

Pending are Plaintiff William Diaz-Wassmer's Motion for Leave to Proceed in Forma Pauperis (C.D. 3) and proposed Complaint (C.D. 1). The Motion for Leave to Proceed in Forma Pauperis will be granted and the Complaint deemed filed on December 28, 2010. After conducting the prescreening process mandated by 42 U.S.C. § 1915, the Court finds that Defendants must make an appearance in this matter.

## I. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action presents a controversy over whether Defendants, acting under color of state law, violated Mr. Diaz-Wassmer's Ninth and Fourteenth Amendment Rights under the

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE–
CV-10-00060-H-DWM-RKS / PAGE 1

United States Constitution thereby subjecting Defendants to liability under 42

U.S.C. § 1983.  Accordingly, the case presents a federal question over which the

Court possesses jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a),

and 42 U.S.C. § 1983.  Venue is proper in this judicial district and division

pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C).

## II.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Diaz-Wassmer submitted a declaration and account statements sufficient

to make the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to

proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Diaz-Wassmer is required to pay

the statutory filing fee for this action of $350.00.  Mr. Diaz-Wassmer has

insufficient funds to pay an initial partial filing fee but he will be required to make

monthly payments of 20 percent of the preceding month's income credited to his

institutional account.  The percentage is set by statute and cannot be altered.  *See*

28 U.S.C. § 1915(b)(2).  By separate order, the agency having custody of Mr.

Diaz-Wassmer will be directed to forward payments from Mr. Diaz-Wassmer's

account to the Clerk of Court each time the amount in the account exceeds $10.00,

until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## III.  STATEMENT OF CASE

### A.      Parties

Mr. Diaz-Wassmer is a state prisoner proceeding without counsel.  He is currently incarcerated at Montana State Prison in Deer Lodge, Montana.

Mr. Diaz-Wassmer has named Mike Ferriter, Director of Prisons for the State of Montana; Mike Mahoney, Warden of Montana State Prison; and Denise Deyott, Mailroom supervisor at Montana State Prison as Defendants in this case.

### B.      Allegations

Mr. Diaz-Wassmer alleges Defendants have violated his Fourteenth Amendment rights to equal protection of the laws; his Ninth Amendment rights; and his rights under the following sections of the Montana State Constitution: Article II, Section 3–Inalienable rights; Section 4–Individual Dignity rights; Section 28–Criminal Justice Police–Rights of the Convicted; and Section 34–Unenumerated rights.  He also contends Defendants are in violation of the Department of Corrections Mission Statement and the Department of Corrections Code of Ethics.  (C.D. 1, pp. 2-3).

Factually, Mr. Diaz-Wassmer alleges that in May, 2010, Mailroom Supervisor Deyott made a decision to no longer have a Spanish interpreter for

Spanish written mail.  Mr. Diaz-Wassmer alleges Defendant Deyott knows there is a Spanish population of inmates at Montana State Prison and yet in May 2010 she no longer employed anyone to interpret Spanish written letters and therefore no longer allowed Mr. Diaz-Wassmer to receive mail from his family.

Mr. Diaz-Wassmer contends on May 11, 2010, Defendant Deyott sent him an undeliverable notice for a letter written in Spanish from his family and took money from his prison account to cover postage to return the Spanish written letter. Mr. Diaz-Wassmer received more undeliverable notices on July 29, 2010 and August 13, 2010.  Defendant Deyott informed Mr. Diaz-Wassmer that when she finds someone to read his mail he will receive the mail.

Mr. Diaz-Wassmer contends there is no way that every piece of English mail could possibly be read and so why is necessary to read every piece of Spanish mail. He alleges Defendant Deyott is specifically discriminating against Hispanic people. He also alleges many Native American inmates receive mail that is written in their native tongues and that mail is not censored because there is not an interpreter for each of the many native tongues spoken at Montana State Prison.

For his relief, Mr. Diaz-Wassmer seeks: (1) a change in mail policies to allow for Spanish written mail, (2) for an interstate transfer to a prison where

defendants cannot retaliate against him, (3) punitive damages in the amount of $100,000.00 to discourage any future violative behavior and for the violative behavior already committed, (4) pecuniary damages in the amount of $100,000.00, (5) an investigation into the actions of defendants for possible criminal charges, and (6) all costs and fees.  (C.D. 1, pp. 11-12).

## IV. SCREENING PER 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A

### A.     Standard

As Mr. Diaz-Wassmer is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A complaint is frivolous if it "lacks an arguable basis either in law or in

fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104

L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be

granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d

929 (2007) (quotation omitted).  This requirement demands "more than labels and

conclusions, [or] a formulaic recitation of the elements of a cause of action."

*Twombly*, 550 U.S. 544.  A complaint must "'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551

U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at

1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80

(1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.*

*Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).  The

"plausibility standard" is guided by "[t]wo working principles."  *Iqbal,* 129 S.Ct. at

1949.  First, although "a court must accept as true all of the allegations contained in

a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949.  "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950.  Legal conclusions must be supported by factual allegations. *Iqbal,* 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 129 S.Ct. at 1950.

Even after *Twombly*, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers'." *Erickson*, 127 S.Ct. at 2200;

*Hebbe v.* Pilier, 627 F.3d 338 (9th Cir. 2010)("pro se complaints should continue

to be liberally construed after *Iqbal*."); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall

be so construed as to do substantial justice").  If a plaintiff attaches documents to

their complaint, the court is not limited to the complaint and may consider these

documents when determining whether the plaintiff can prove any set of facts in

support of the claim.  *During v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.

1987).

Although the statute requires a dismissal for the reasons stated, it does not

deprive the district court of its discretion to grant or deny leave to amend.  *Lopez v.*

*Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court can decline to grant leave to

amend if "it determines that the pleading could not possibly be cured by the

allegation of other facts." *Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United States*,

58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se

litigants unless it is "absolutely clear that the deficiencies of the complaint could

not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)

(citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## B.  Denial of Mail

Mr. Diaz-Wassmer's allegation that the prison has rejected his incoming mail because it was written in Spanish may state cognizable First Amendment and/or Fourteenth Amendment equal protection claims.  *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (holding prisoners enjoy First Amendment right to send and receive mail); *see also Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (providing prison may adopt regulations or practices impinging on prisoner's First Amendment rights only where regulations "reasonably related to legitimate penological interests"); *Kikumura v. Turner*, 28 F.3d 592 (7th Cir. 1994)("summary exclusion of foreign language material is unconstitutional"); *Thongvanh v. Thalacker*, 17 F.3d 256, 259 (8th Cir. 1994)(refusal to authorize translations of the plaintiff's incoming letters from Lao to English while excepting incoming German and Spanish correspondence from the prison's "English only" rule violated his First Amendment and equal protection rights); *Ramos v. Lamm*, 639 F.2d 559, 581 (10th Cir. 1980)(same); but see *Ortiz v. Fort Dodge Correctional Facility*, 368 F.3d 1024, 1026-27 (8th Cir. 2004) (finding "English only" rule precluding inmates' receiving mail in foreign language permissible where officials demonstrated rule reasonably related to legitimate penological

needs); *Spitsyn v. Morgan*, No. C04-5134, 2008 WL 714095, at * 5 (W.D.Wash.
Mar. 14, 2008) (granting summary judgment to defendants and upholding policy
rejecting incoming mail written in a foreign language after finding such
correspondence was a threat to institutional safety and security).


The Equal Protection Clause of the Fourteenth Amendment may be invoked
where similarly situated individuals are being intentionally treated differently
without a rational relationship to a legitimate state purpose. *Engquist v. Oregon
Department of Agriculture*, 553 U.S. 591, 601-02, 128 S.Ct. 2146, 170 L.Ed.2d
975 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073,
145 L.Ed.2d 1060 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th
Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir.
2008).

Mr. Diaz-Wassmer has alleged that Native Americans are being allowed
their mail in foreign languages but Spanish incoming mail is being rejected.  This
is sufficient to state an equal protection claim and will be served upon Defendants.
*See Thongvanh*, 17 F.3d at 259 (prison violated inmate's right to equal protection
by restricting his correspondence in Lao while allowing Spanish-and

German-speaking inmates to correspond in their native languages).

### D. Ninth Amendment Claim

Mr. Diaz-Wassmer also cites to the Ninth Amendment of the United States Constitution.  The Ninth Amendment states, "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  The Ninth Amendment does not "independently secur[e] any constitutional right, for purposes of pursuing a civil rights claim."  *See Standberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986).  The Ninth Amendment claims will be recommended for dismissal.

### E. Violation of Policies and Code of Conduct

Mr. Diaz-Wassmer also contends Defendants violated their own policies and the Montana Department of Corrections Code of Conduct.  The violation of prison policy is not in and of itself actionable under Section 1983.  *See Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (" 'To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress' ") (*quoting Lovell v. Poway Unified School District*, 90 F.3d 367, 370 (9th Cir. 1996)); *Sandin v. Conner*, 515 U.S. 472, 482, 115 S.Ct. 2293, 132 L.Ed.2d

418 (1995) (no constitutionally protected liberty interest in prison regulations phrased in mandatory terms); *Bostic v. Carlson*, 884 F.2d 1267, 1270 (9th Cir. 1989) (prison's failure to meet guidelines or follow regulations "would not alone constitute a denial of due process") (dictum).  These claims will also be recommended for dismissal.

### F.  State Law Claims

Since Mr. Diaz-Wassmer has stated a federal claim for relief, the Court may choose to exercise supplemental jurisdiction over viable state law claims.  28 U.S.C. § 1367(a).  However, the Court will defer addressing the sufficiency of Mr. Diaz-Wassmer's state law claims until this action reaches a point when it is clear that the exercise of supplemental jurisdiction over the state law claims is appropriate.

## V.  MOTION FOR APPOINTMENT OF COUNSEL

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998).  In fact, unlike in criminal cases, the statute that applies does not give a court the power to simply

appoint an attorney.  28 U.S.C.§ 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis.  28 U.S.C. §1915(e)(1). A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).  Further, much different from a criminal case, a judge may only even request counsel for an indigent plaintiff under "exceptional circumstances."  28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Mr. Diaz-Wassmer asserts he is not learned in the law, he previously had the assistance of a jailhouse lawyer but that is no longer available, the issues in this case are complex, and the ends of justice can only be met if counsel is appointed. (C.D. 5).

Mr. Diaz-Wassmer has not demonstrated exceptional circumstances that

would empower a court to request counsel to represent him in this matter. Although Mr. Diaz-Wassmer's has stated a claim which will be served upon Defendants, that in no way reflects the Court's conclusions as to the strength of the claims. Mr. Diaz-Wassmer has not made an adequate showing of a likelihood of success on the merits to warrant a request of counsel.

Plaintiffs representing themselves, or "pro se litigants," are rarely able to research and investigate facts easily. This alone does not deem a case complex. *See Wilborn*, 789 F.2d at 1331. Factual dispute and thus anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) overruled on other grounds *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998)(en banc). Many indigent plaintiffs might fare better if represented by counsel, particularly in more complex areas such as discovery and the securing of expert testimony. However, this is not the test. *Rand*, 113 F.3d at 1525.

A litigant's performance in the case may be considered in determining whether to request counsel. *Plummer v. Grimes*, 87 F.3d 1032, 1033 (9th Cir. 1996)). In this case, Mr. Diaz-Wassmer has shown he is able to articulate his position because the Court has directed his Complaint be served upon Defendants.

The motion to appoint counsel will be denied.

## VI.  CONCLUSION

The Court has considered whether Mr. Diaz-Wassmer's Complaint is frivolous, malicious, fails to state a claim, or seek solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  The Court concludes the Ninth Amendment claims and all claim regarding the prison's failure to follow their own policies should be dismissed.  Dismissal of all other claims is not appropriate at this time and Defendants must make an appearance in this matter.  The Court makes no conclusions about the truth of these allegations or about the strength of these claims or of the evidence Mr. Diaz-Wassmer might offer to corroborate them.  The Court only finds that he said enough to require a response from Defendants.

Based on the foregoing, the Court issues the following:

### ORDER

1.  Mr. Diaz-Wassmer's Motion to Proceed in Forma Pauperis (C.D. 1) is granted.  The Clerk shall file the Complaint without prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on December 28,

2010.

3.  Mr. Diaz-Wassmer's Motion for Court Appointed Counsel (C.D. 4) is denied.

4.  Pursuant to Fed.R.Civ.P. 4(d), the Court will request Defendants to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons.  The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**.  If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within <u>60 days after the entry date of this Order</u> as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

5.  The Clerk of Court shall forward Court Documents 1, 3, 4, and 5; this Order; a Notice of Lawsuit & Request to Waive Service of Summons; and a Waiver of Service of Summons to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

Should counsel determine they do not represent Defendants, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendant must file a "Notice of Appearance" as a separate

document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

6.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

7.  Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

8.  Mr. Diaz-Wassmer <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

9.  At all times during the pendency of this action, Mr. Diaz-Wassmer SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Diaz-Wassmer has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Plaintiff's Ninth Amendment claims and all claims regarding the prison's failure to follow its own policies should be dismissed.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Diaz-Wassmer may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE– CV-10-00060-H-DWM-RKS / PAGE 18

falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of February, 2011.


*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:   Legal Counsel for the
      Montana Department of Corrections
      P.O. Box 201301
      Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Mike Ferriter, Warden Mike Mahoney, and Denise Deyott.  A copy the Complaint is attached to this notice.  It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-10-60-H-DWM-RKS.  The Court has completed its pre-screening and concludes Defendants must file a responsive pleading.  *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service.  The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served.  The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of a Defendant, please indicate this on the Waiver of Service of Summons form.  The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendant and may impose the full costs of such service.

 */s/ Keith Strong*
Keith Strong
United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

     The following Defendants acknowledge receipt of your request that they waive service of summons in the following action:  Diaz-Wassmer v. Ferriter, et al., Civil Action No. CV-10-60-H-DWM-RKS filed in the United States District Court for the District of Montana.  Defendants also received a copy of the Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

     The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

     I decline to waive service on behalf of the following Defendants:

_____; _____;

_____; _____;

_____; _____;

_____        _____

DATE                          SIGNATURE

                                     _____

                                     PRINTED/TYPED NAME

                                     _____

                                     _____

                                     ADDRESS